UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SURAH SWAYZER<br>LA. DOC #530468<br>VS. | CIVIL ACTION NO. 09-2008<br><br>SECTION P<br><br>CHIEF JUDGE JAMES |
| WARDEN CHAD LEE | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner Surah Swayzer filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on December 1, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Franklin Parish Detention Center, Winnsboro, Louisiana. Petitioner attacks his 2007 conviction for Driving While Intoxicated (DWI), Fourth Offense, in Louisiana's Fifth Judicial District Court, Franklin Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For reasons set forth below, it is recommended that the petition be **DENIED**.

BACKGROUND

Petitioner was found guilty as charged of DWI Fourth Offense after a trial by jury on November 6, 2007. Thereafter, on December 11, 2007, he was sentenced to serve 20 years. [Doc. # 1, ¶3.] He appealed his conviction and sentence to the Second Circuit Court of Appeals arguing claims of insufficiency of the evidence and excessiveness of sentence. [Doc. # 1, pp. 25-40.]

On August 13, 2008, the Second Circuit affirmed his conviction and sentence and mailed Notice of Judgment. *State of Louisiana v. Surah Swayzer*, 43,350 (La. App. 2 Cir. 8/13/2008),

989 So.2d 267. In correspondence dated August 14, 2008, petitioner's court-appointed appellate counsel provided a copy of the Second Circuit's opinion and advised petitioner that the Appellate Project would not seek further direct review in the Louisiana Supreme Court. However he advised petitioner that he must file any *pro se* writ application within 30 days of the date of the Second Circuit's judgment. [Doc. # 1, pp. 10-23; *see also* Doc. #4, pp. 2-3 and 4-15.]

Petitioner filed a *pro se* writ application in the Louisiana Supreme Court; his pleading was verified on October 15, 2008. [Doc. # 8, pp. 2-13.] Petitioner argued three assignments of error:

> "(1) There is insufficient evidence to prove the guilt of defendant beyond a reasonable doubt for the offense of driving while intoxicated.
>
> (2) The sentence imposed is excessive for this offender and this offense.
>
> (3) Bias Jury, only one juror of his Race [*sic*]" *Id.* at 6.

On September 18, 2009, his writ application was denied without comment. *State of Louisiana ex rel. Surah Swayzer*, 2008-2697 (La. 9/18/2009), 17 So.3d 388. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. # 1, ¶6(d).]

Meanwhile, while his writ application was pending in the Supreme Court, petitioner signed his *pro se* application for post-conviction relief on October 15, 2008, and filed it in the Fifth Judicial District Court on November 13, 2008. [Doc. # 8, pp. 14-24.] Petitioner argued three claims for relief: (a) ineffective assistance of counsel; (b) insufficiency of the evidence; and (c) excessiveness of sentence. *Id.* at 19-21. On November 19, 2008, the State filed its answer to the application for post-conviction relief. [Doc. # 7, pp. 9-16.] Sometime thereafter, relief was apparently denied by the District Court[1] because on November 23, 2009, petitioner filed a Notice

---

[1] Petitioner did not provide a copy of the District Court's judgment or reasons for judgment denying post-conviction relief.

2

of Intent to seek writs and obtained an order setting December 29, 2009, as the return date on his writ application. [Doc. # 7, pp. 3-7.]

Petitioner's unsigned *habeas corpus* petition in this court was post-marked November 30, 2009; it was received and filed on December 1, 2009. Petitioner argues two claims for relief as follows, "There is insufficient evidence to prove the guilt beyond a reasonable doubt for the offense of driving while intoxicated fourth offense;" and, "The sentence imposed is excessive for this offender and this offense." [Doc. # 1, p. 9]. Petitioner provided no brief or memorandum in support of his claims. On January 14, 2010, petitioner filed a pleading that may be characterized as an Amended Petition. Therein he denied having been convicted of one or more of the predicate DWI's which provided the basis for his DWI Fourth Offense conviction. [Doc. #4, p. 1.] On February 25, 2010, he submitted a hand-written document entitled "Memorandum of Law" in which he again disputed the veracity and accuracy of the State's witnesses and evidence at trial. [Doc. # 7, pp. 1-2.]

## LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs *habeas corpus* relief. The standard of review is set forth in 28 U.S.C. § 2254(d):

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the

state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 740.  Under the "unreasonable application" clause, a federal *habeas* court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  Federal *habeas* courts presume such determinations to be correct; however, the petitioner can rebut this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e).

As petitioner elected to leave the "Grounds for Present Petition" section empty on his *habeas* petition, the court has surmised his current claims from the handwritten attachments provided by petitioner.  The attachment to petitioner's *habeas* petition alleges numerous statements of fact that petitioner disputed at his trial.  *See* doc. # 1, p. 9.  At the bottom of the page petitioner alleges that "[t]here is insufficient evidence to prove the guilt beyond a reasonable doubt for the offence [*sic*] of driving while Intoxicated fourth offense" and "[t]he sentence imposed is excessive for this offender and this offense." *Id.*  Petitioner's subsequent additions to the record [doc. # 4, p. 1 and doc. # 7, p. 1-2] do not contain any additional legal claims concerning his petition for *habeas* relief.

### A.    Insufficiency of the Evidence

A reviewing court will not disturb a state court jury verdict so long as the evidence, viewed in the light most favorable to the verdict, is sufficient to allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.  *Young v. Guste*, 849 F.2d 970, 972 (5th

Cir.1988); *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781(1979). It is the jury's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. Thus, the federal *habeas* court does not "focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Herrera v. Collins*, 506 U.S. 390, 402, 113 S.Ct. 853 (1993). In so doing, "[a]ll credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir.2005) (quoted source omitted). The reviewing court may not substitute its interpretation of the evidence for that of the fact finder. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir.1985). In the end, *habeas* relief on a claim of insufficient evidence is appropriate only when no rational trier of fact could have found petitioner guilty beyond a reasonable doubt based on the evidence adduced at trial. *West v. Johnson*, 92 F.3d 1385 (5th Cir. 1996).

In the case *sub judice*, the evidence presented at trial "was sufficient for the jury to rationally conclude that all of the elements of the crime were proved beyond a reasonable doubt."[2] In order to convict of the offense of driving while intoxicated, LSA R.S. 14:98 requires proof that the defendant was operating a vehicle while under the influence of alcohol or drugs. *State v. Minnifield*, 31,257 (La. App. 2d Cir. 1/20/99) 727 So.2d 1207, writ denied, 99-0516 (La. 6/18/99) 745 So.2d 19. The arresting officer testified that he observed petitioner exit his vehicle; that he had trouble standing on his own; that he strongly smelled of alcohol; and that his speech was slurred. Tr. Nov. 6, 2007, 128:26-129:4 [doc. # 23, pp. 79-80]. Petitioner thereafter performed poorly on the "walk and turn" test, at which point the officer determined no further

---

[2] As stated by the Second Circuit Court of Appeal in the Judgment rendered August 13, 2008. *State of Louisiana v. Surah Swayzer*, 43,350 (La. App. 2 Cir. 8/13/2008), 989 So.2d 267.

tests were necessary. *Id.* at 129:24-131:2 [doc. # 23, pp. 79-81]. The evidence showed that petitioner had previously been convicted of DWI on March 10, 1998; July 11, 2000; and February 12, 2002. The law enforcement officers who had been witness to petitioner's earlier DWI offenses were present in court to identify petitioner as the person who had been previously arrested on the dates in question. [Doc. # 23, p. 49-50.] These factual findings are entitled to the presumption of correctness under 28 U.S.C. § 2254(e).

To overcome this presumption, petitioner must rebut these factual findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(2)(B). However, petitioner offers no such evidence in support of this claim. Petitioner merely offers a recitation of the facts as illustrated at his trial, then states that the evidence was insufficient to find him guilty. [Doc. # 1, p. 9.] Viewed in a light most favorable to the verdict, the evidence was sufficient to allow a reasonable jury to find the defendant guilty beyond a reasonable doubt of DWI, Fourth Offense. *Ramirez v. Dretke*, 398 F.3d at 695; *Young v. Guste*, 849 F.2d at 972.

### B. Excessive Sentence

Petitioner's second argument is that the sentence imposed upon him is excessive "for this offender and this offense." [Doc. # 1, p. 9.] This argument clearly falls to the interpretation and application of Louisiana law and therefore is not cognizable on federal *habeas* review.

A state's interpretation of its own laws or rules provides no basis for federal *habeas* corpus relief, because no question of a constitutional nature is involved. *See Williams v. Foti*, 813 F.2d 700 (5th Cir. 1987); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llama-Almaguer v. Wainwright*, 666 F.2d 191, 193 (5th Cir. 1982). Accordingly, "federal courts do not review a state's failure to adhere to its own sentencing procedures . . . " *Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978); *see also Martinez v.*

*Johnson*, 255 F.2d 229, 246 (5th Cir. 2001). "This limitation on federal *habeas* review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-8 (5th Cir. 1976)). Finally, a court will "not upset the terms of a sentence within statutory limits unless so disproportionate to the offense as to be completely arbitrary and shocking." *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975).

As stated *supra*, petitioner had been convicted of DWI three times prior to the conviction that forms the basis of this claim. Tr. Dec. 11, 2007 [doc. # 23, pp. 27-28]. Upon his fourth conviction, Judge Glen W. Strong noted that petitioner was a "chronic drunk driver" who did not see anything wrong with his conduct; rather petitioner continued to assert various theories as to why his earlier convictions were invalid. *Id.* It was apparent to Judge Strong that petitioner had not learned anything from his repeated appearances in court, as petitioner had not sought help any type of help or treatment, or admitted to having a problem with alcohol at all. *Id.* Even now, petitioner continues to assert outlandish theories as to why his conviction should be overturned.[3] There is no evidence that petitioner's sentence was so disproportionate to his offense as to be arbitrary or shocking. *Bonner v. Henderson*, 517 F.2d at 136.

## CONCLUSION

For the reasons stated above, it is recommended that the petition for writ of *habeas corpus* [doc. # 1] under 28 U.S.C. § 2254 be **DENIED**. Under the provisions of 28 U.S.C. §

---

[3] For example, petitioner claims that he did not "back" his car out, as observed by the arresting officer on September 26, 2006; rather, petitioner asserts that he "pulled" his car out. Doc. # 7, p. 9. The evidence was meant to show not the precise manner in which petitioner was operating the vehicle, but that petitioner was operating a vehicle at all. Whether or not petitioner backed his car out or pulled his car out is not a essential element of the offense charged.

636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACHING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, October 14, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE